UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH COLES, | ) | Case No.: 1:10 CV 525 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH SMITH, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court is Petitioner Joseph Coles's ("Coles" or "Petitioner")

Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1.) Upon

careful review of Magistrate Judge Nancy A. Vecchiarelli's Report and Recommendation ("R&R"),

Petitioner's and Respondent Keith Smith's ("Smith" or "Respondent") Objections, and all relevant

documents in the record, the court finds that Magistrate Judge Vecchiarelli's recommendation that

grounds two through six of Cole's Petition be dismissed and her analysis and conclusions pertaining

thereto are fully supported by the record and controlling case law. Therefore, the court adopts the

R&R as its own as to these grounds. However, contrary to the R&R, the court finds ground one to

be without merit and hereby dismisses the Petition and enters final judgment in favor of Respondent.

## I. FACTS AND PROCEDURAL HISTORY

On March 11, 2010, Coles filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254, challenging the constitutionality of his conviction for forty-three counts of rape. (ECF No.

1, at 22.) Petitioner raised six grounds for relief in his Petition. Petitioner alleged the following:

> [Ground 1] Petitioner's rights to due process and notice were violated because his indictment charged hundreds of identical[,] undifferentiated counts of misconduct that allegedly occurred over an extended period of time.
>
> [Ground 2] Petitioner's right to due process was violated because his 43 rape convictions were based on speculation, which does not constitute evidence sufficient to establish guilt beyond a reasonable doubt.
>
> [Ground 3] Petitioner was deprived of his right to a fair trial by a fair and impartial jury because the jury was exposed to improper and unfairly prejudicial evidence during the prosecution's case-in-chief.
>
> [Ground 4] Petitioner's rights to due process and a fair trial were violated where the prosecutor committed misconduct during closing argument by vouching for his witness's credibility and improperly attacking the petitioner's character.
>
> [Ground 5] Due process, fundamental fairness[,] and the prohibition against ex post facto laws were violated when Petitioner was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework.
>
> [Ground 6] Petitioner's 42 consecutive sentences totaling 210 years are contrary to law and violate due process because the trial court failed to make and articulate findings and reasons required to justify them.

(Petition, ECF No. 1, at 5–12.)

The case was referred to Magistrate Judge Nancy A. Vecchiarelli for preparation of a report

and recommendation. The Magistrate Judge issued her R&R on August 19, 2011, recommending

that the Petition be granted with respect to ground one and dismissed as to all other grounds. (ECF

No. 14, at 1.) Specifically, Magistrate Judge Vecchiarelli concluded that Coles's Petition should be

granted with respect to the first ground of relief because Coles was denied adequate notice of thirty-

-2-

seven counts of rape in light of *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), since Petitioner's indictment contained forty-three undifferentiated counts of rape, but the testimony at trial only identified six distinct incidents of rape. (*Id.* at 24–29.) Magistrate Judge Vecchiarelli also determined that the third ground was procedurally defaulted and the remaining grounds did not have merit. (*Id.* at 12, 34, 40, 45, 47.) Therefore, Magistrate Judge Vecchiarelli concluded that the Petition should be granted as to ground one and that as relief, "[t]he [S]tate of Ohio should vacate 37 of 43 counts of rape of which Coles was convicted, or this court should grant the writ." (*Id*)

Petitioner filed an Objection to the R&R ("Petitioner Objection") (ECF No. 16) on September 29, 2011, objecting to only grounds one, two, and four and arguing that the Magistrate Judge (1) misapplied *Valentine* in finding there was sufficient notice to justify six convictions for rape; (2) ignored his claims that the evidence of guilt was legally insufficient; and (3) properly concluded that certain comments made by the prosecutor were improper, but incorrectly determined that such comments were harmless. In doing so, he essentially raises the same arguments he raised in his Traverse. As to ground one, Petitioner contends that because the indictment charges over "hundreds of identical counts alleging repeated instances of misconduct over an extended period of time[,it] fails to comply with notice princip[les] and presents double jeopardy concerns," and therefore violates Petitioner's right to due process. (Pet'r's Objections, at 13, ECF No. 16.) Specifically, Coles asserted in his Petition:

> The Fifth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution both require that no person can be held to answer to a felony unless he is first presented with an indictment from a grand jury. The notice requirement is so important that when a person is convicted of a crime which was not properly presented to a grand jury, one cannot presume that the grand jury would have included the crime in its indictment and the resulting conviction cannot stand.

-3-

(Attach. C, Pet., ECF No. 1, at 23.) In regard to ground two, Petitioner maintains that the Magistrate's remedy does not address Petitioner's claim that his rape convictions "are not supported by sufficient evidence." He contends that "a prosecution based largely on the complaining witness's estimates concerning the alleged misconduct's frequency, is legally insufficient to support his convictions." (*Id.* at 21, 23.) His final Objection, which relates to ground four, asserts that the prosecutor's improper comments during closing arguments were not harmless, and thus violated his right to due process. (*Id.* at 24.)

Respondent filed an Objection to the R&R ("Respondent Objection") on October 3, 2011, objecting only to the Magistrate Judge's decision regarding ground one. Respondent argues that the Magistrate Judge failed to review the case under the correct standard and erred in relying on *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005). Respondent further argues that the Fifth Amendment is not applicable to this case because it does not apply to the states. He maintains that Petitioner received fair notice of the charges against him, which, he contends, is all that the Constitution requires, and that the case does not raise any double jeopardy concerns. For the reasons that follow, the court adopts in part, and rejects in part the Magistrate Judge's R&R.

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court reviewing the merits of a state prisoner's habeas corpus petition cannot grant the petition unless the state court's adjudication of the claim on the merits "resulted in a decision that": (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.

§ 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). "The petitioner carries the burden of proof." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

The clause "contrary to" permits a federal court to grant a habeas petition "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court decides a case differently than [the] Supreme Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 405, 413. The clause "unreasonable application" allows a federal court to grant a habeas petition "if the state court identifies the correct governing legal principle, from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" analysis is an objective inquiry; therefore, a habeas petition may only be issued if the state court's application of clearly established federal law was objectively unreasonable. *Id.* at 409–11. A federal court may not grant a habeas petition based on its independent conclusion that the state court's determination was erroneous or incorrect. *Id.* at 413. As explained by the Supreme Court, "an unreasonable application of federal law is different from an *incorrect* application of federal law." *Id.* at 410.

The clause "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision" *Id.* The holdings of circuit court cases interpreting Supreme Court precedent are not clearly established federal law for purposes of a § 2254 habeas petitions. *Renico v. Lett*, 130 S.Ct. 1855, 1865–66 (2010) (holding the Sixth Circuit's application of a three-part test to determine the propriety of judge's exercise of discretion in declaring a mistrial delineated in its own decision cannot be considered an illumination of Supreme Court precedent, where there is no Supreme Court case that

establishes the test, and therefore it is not "clearly established Federal law, as determined by the Supreme Court").

Moreover, the requirements of the AEDPA "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007) (citations omitted). The standard, by design, "is difficult to meet," *Harrington v. Richter*, 131 S.Ct 770, 786 (2011), because the purpose of the habeas petition is to "'guard against extreme malfunctions in the state criminal justice systems,' not [to act as] a substitute for ordinary error correction" available by appeal. *Id.* (citation omitted). Thus, the AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. at 1862 (internal citations omitted).

## A. Ground One

Petitioner's first ground for relief asserts that his "rights to due process and notice were violated because his indictment charged hundreds of identical undifferentiated counts of misconduct that allegedly occurred over an extended period of time." (Pet., at 6, ECF No. 1.) As to this ground, the Magistrate Judge concluded that Petitioner was denied adequate notice and protection against double jeopardy in light of *Valentine v. Konteh*, 395 F.3d 626 (6th 2005), for thirty-seven of the forty-three counts of rape with which he was charged. Specifically, she found that while the indictment charged forty-three indistinguishable counts of rape, evidence at trial was sufficient to distinguish only six separate incidents of rape. She also determined that it was unreasonable for the court to conclude that the evidence supported forty-three counts of rape. Consequently, she concluded that all counts of rape, excluding the six differentiated ones, should be vacated due to lack

of adequate notice. The Magistrate Judge also found that because the indictment and evidence from trial only support six separate counts of rape, Petitioner was not protected against double jeopardy for the undifferentiated thirty-seven counts of rape. Accordingly, she concluded that the state unreasonably applied clearly established federal law, as announced by the Sixth Circuit in *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005), and violated Petitioner's right to due process. Thus, the Magistrate Judge recommended that all except for six counts of rape be vacated due to double jeopardy concerns.

AEDPA requires that a federal court reviewing the merits of a state prisoner's habeas corpus petition evaluate the state court proceedings to ensure that the state court's decision was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Thus, the court may not rely on *Valentine* in its determination of what constitutes clearly established federal law, but must rely on relevant Supreme court precedent. *Renico v. Lett*, 130 S.Ct. 1855, 1865–66 (2010). The court declines to adopt the R&R to the extent that the Magistrate Judge relied on *Valentine* as the relevant precedent in regard to ground one.

The court concludes that the Magistrate Judge erred in applying *Valentine* because Sixth Circuit precedent is not the relevant Federal law to examine under AEDPA. Further, the Supreme Court precedent driving the analysis in *Valentine* is not the relevant Federal law because those cases are based on the sufficiency of a Federal indictment, examined under the Fifth Amendment, which is not implicated in this court's habeas review of a state court proceeding, as the Constitution does not require states to charge by indictment. Instead, the court finds that the Supreme Court precedent examining the Sixth Amendment's guarantee that in all criminal prosecution, defendants must be

informed of the nature and cause of the accusation is the relevant Federal law. Under that precedent, the court finds that the state court's decision was not contrary to clearly established Federal law. The court further finds that the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. The court addresses these issues in detail below.

### 1. Notice

Petitioner objects to the Magistrate Judge's recommendation, relying on *Russell v. United States*, 369 U.S. 749 (1962) and *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007), arguing that clearly established federal law requires that "when the state undertakes to prosecute a case involving multiple but identical offenses occurring over a given period of time, prosecutors must, if they are able, include information in the charging instrument to differentiate between counts before trial so that the accused has sufficient notice of the charges." (Pet'r's Objections, at 21, ECF. No. 14, 16.) Petition concludes that the Magistrate Judge misinterpreted *Valentine*,[1] and failed to adhere to clearly established federal law on the six counts that she did not recommend that the court vacate.

Respondent objects to the R&R, maintaining that the Magistrate Judge erred in relying on the *Valentine* decision. Respondent also argues that federal law only requires the state to give a criminal defendant notice of the charges being brought against him to permit him to defend himself against the charges.

As explained by the Magistrate Judge, the Ohio Court of Appeals found as follows:

---

[1]     The parties dedicate a substantial amount of arguments to the propriety of *Valentine*. Because Supreme Court precedent clearly states that the analysis in *Valentine* is inapplicable to a federal court's habeas review, *Renico*, 130 S.Ct. at 1865–66, the court will not address those arguments.

After a careful review of the record in this case and an analysis of this court's prior decisions citing *Valentine,* we find that there was sufficient evidence in S.D.'s testimony and other evidence presented at trial that provided discernible facts to substantiate the separate charges.

S.D. was able to recall when, where, and how the abuse occurred. She testified that the abuse started again in the summer of 2001 when the family was living on Clifton Avenue in Lakewood. She testified that it was the summer between her seventh and eighth grade. Although she did not remember how it started, she remembered the abuse occurred in the living room or her mother's room. She was able to fully describe the house the family was living in and testified that Coles would wake her up at night when he was drunk and her mother was asleep. She testified that Coles would tell her to come into his room or would wake her up in the middle of the night and tell her to take her clothes off and he would either have his boxer shorts on or he would be naked and he would tell her to have sex with him. She described that he would either get on top of her or make her get on top of him and put his penis in her vagina. She also stated that Coles threatened her and told her that he would hurt her, kill her, break her neck, or hurt her mom if she told anyone about the abuse. S.D. testified that the abuse happened "probably twice a week" for the year that she was living in Lakewood.

In June of 2002, when the family moved to Parma with Coles, S.D. testified that the abuse intensified so that she and Coles were having sex "almost every day" and that the abuse would occur in the finished basement, in Coles' bedroom, or in her bedroom. She stated that he made her have sex with him just like he did in Lakewood and that the abuse usually occurred while her mother was at work or at night. Then S.D. became pregnant again in 2004 and Coles threatened her and told her to "blame it on one of [her] guy friends." S.D. had an abortion on April 2, 2004, and remembered the date because it was also her little brother's birthday. S.D. testified that Coles made her start having sex with him one week after the abortion, telling her that she should be healed from the abortion. She then testified that Coles made her have sex "a couple times a week" between April 2 and July 5, 2004, when the family moved to Iowa.

Although, at one point during the trial, the State asked S.D. to estimate how many times Coles had molested her, we note that the estimation she gave was only for those crimes for which the jury acquitted Coles. In other words, S.D. "guessed" how many times Coles had molested her between the ages of ten and thirteen, but the

-9-

jury acquitted him of those charges.

Thus, S.D. was able to put each incident in a time frame by detailing where it happened and which house she was living in. She was also able to place certain offenses within a particular time frame by tying the offenses to her grade in school. And, like *Yaacov,* but unlike the situations in *Valentine* and *Hemphill,* other evidence was presented to substantiate S.D.'s claims. Dawn Coles testified that Coles admitted to her that he and her daughter were "lovers." The medical records substantiated that S.D. had an abortion in April 2004. And the State was able to show that the frequency of rape increased when Dawn was pregnant.

In this case, the State attempted to set forth the factual basis for each incident of molestation that occurred over a three and one-half[-]year period. The allegation was that Coles molested his stepdaughter repeatedly for over three years. The bill of particulars identified the victim, her date of birth, and the places the crimes occurred. The trial court instructed the jurors that each of the charges constitutes a distinct and separate offense, and that they must consider each count separately.

We also find that the failure to allege specific dates did not prejudice Coles' ability to defend himself because his defense strategy centered on his claim that he never engaged in sexual conduct with S.D., regardless of the date or place she alleged the abuse took place.

Thus, we conclude the indictment was properly filed and alleged sufficient facts to apprise Coles of the charges against him.

*State v. Coles*, No. 90330, 2008 WL 4436872, at *6–8 (Ohio Ct. App. Oct. 8, 2008) (internal citations omitted). The state court relied on *Valentine* and other Ohio appellate courts' interpretation of *Valentine* in deciding Petitioner's claim. Because the state court did not rely on U.S. Supreme Court precedent, the court must evaluate whether the Ohio Court of Appeals's decision was contrary to clearly established federal law; specifically, whether the Ohio Court of Appeals "applied a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405, 413. Additionally, the court must evaluate whether the state court's decision "was based on an

-10-

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

As an initial matter, the court finds that *Russell* and *Resendiz-Ponce* are not the applicable clearly established federal law. Those cases arise from a conviction in federal court and assess a federal indictment. The requirement that a defendant in a criminal case be charged by an indictment issued by a grand jury is required by the Fifth Amendment and is a constitutional protection that does not apply to the states. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). While sitting in non-habeas review, the court would likely apply the principles in *Russell* and *Resendiz-Ponce* to a state court indictment. However, sitting in habeas, the AEDPA standard requires the court to evaluate the state court proceedings in light of clearly established federal law as announced by the Supreme Court, and the court could find no Supreme Court case that considered the sufficiency of a state court indictment. Thus, Petitioner's challenge to his conviction under the Fifth Amendment fails because  the Fifth Amendment does require that the state court charge him by indictment.

However, it is also clear that Petitioner is challenging his conviction for failure to receive adequate notice of the charges against him. There is Supreme Court jurisprudence which addresses notice requirements for all criminal prosecutions generally. These cases, discussed below, form the clearly established federal law applicable to this ground.

 The Sixth Amendment, made applicable to the states by way of the Fourteenth Amendment, guarantees all criminal defendants in state prosecutions "to be informed of the nature and cause of the accusation." *Argersinger v. Hamlin*, 407 U.S. 25, 27–28 (1972). The Supreme Court has found that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by the charged . . . are among

-11-

the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Alabama*, 333 U.S. 196, 201 (1948). "Notice of issues to be resolved by the adversary process is a fundamental characteristic of fair procedure." *Lankford v. Idaho*, 500 U.S. 110, 126 (1991). Notice is sufficient when it enables the defendant "to identify the issues on which a decision may turn." *Lankford v. Idaho*, 500 U.S. 110, 126 n.22.

The state court explained that the indictment alleged a time period in which the criminal conduct occurred; the bill of particulars identified the victim and the places that the alleged criminal conduct occurred; and testimony at trial indicated at least 43 incidents of rape. The state court's decision turned on whether there was sufficient information to give Petitioner the opportunity to defend himself. This standard utilized by the Ohio Court of Appeals aligns with the U.S. Supreme Court precedent on the matter, requiring criminal defendants to be informed of the nature and cause of the charges, so that they have the opportunity to identify the issues on which the decision may turn, *Lankford*, 500 U.S. at 126 n.22, and defend themselves against the charges. *Cole v. Alabama*, 333 U.S. at 201. Consequently, the court finds that the Ohio Court of Appeals's decision was not contrary to clearly established federal law.

The court further finds that the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. The victim testified that the abuse happened approximately twice a week from approximately June 2001 to June 2002. That would give rise to approximately 104 incidents. The victim also testified that beginning in June 2002, the abuse occurred almost every day. Because no end date is specified, even if one were to accept that "beginning in June 2002" meant "during June 2002," this evidence would give rise to twenty to thirty additional incidents of abuse. There was also testimony from the victim, that

from April 2004 to July 2004, the abuse occurred a couple times a week. That would give rise to approximately twenty-four additional incidents. The victim further testified that the abuse continued after July 2004, and she finally told her mother in June 2005. This testimony gives rise to at least one additional incident of abuse, bringing the total incidents of abuse as described by the victim's testimony to approximately 149 incidents. Even if one were to exclude the 2001–2002 incidents, there would be 45 incidents. The state court determined that the evidence presented at trial, further provided sufficient notice of the nature and cause of the charges and gave Petitioner an opportunity to defend himself against forty-three differentiated counts of rape. The state court further noted that Petitioner's defense was not prejudiced by the prosecutor's failure to allege specific dates because his defense was that he never abused the victim. These determinations were not unreasonable in light of the evidence presented in the state court proceedings.

Morever, even if *Valentine* were the applicable clearly established federal law, the court would reject the Magistrate Judge's application of *Valentine* to the facts of this case and deny Petitioner's claim in full. *Valentine* permits the court to review the indictment, the bill of particulars, as well as evidence presented at trial to determine whether the notice requirements of due process have been met. *See Valentine*, 395 F.3d at 634. As previously discussed, the Magistrate Judge found that Petitioner had notice of only six separate criminal acts of rape; however, the record demonstrates there was evidence to support the forty-three separate criminal acts of rape charged.

-13-

*2. Double Jeopardy*

Petitioner argues the indictment failed to indicate specific dates of abuse and the lack of differentiation among counts raises potential double jeopardy concerns. Respondent contends that Petitioner's double jeopardy claim is not ripe for adjudication because the State of Ohio has not attempted to indict, and has no intention of retrying, Petitioner for his sexual abuse of the victim in this case.

The Fifth Amendment prohibition against double jeopardy, made applicable to the states by the Fourteenth Amendment, *Benton v. Maryland*, 395 U.S. 784, 794 (1969), protects an individual against being convicted for the same crime twice and "against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727–28 (1998). When evaluating a double jeopardy claim, the court must compare the facts in the second indictment to the facts in the first indictment to determine whether there is a double jeopardy issue. *Lawwill v. Pineda*, No. 1:08 CV 2840, 2011 WL 1882456, at *7 (N.D. Ohio May 17, 2011) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)). Accordingly, double jeopardy issues arise only after the state files a second indictment. Here, Petitioner is not being convicted for the same crime twice or being punished multiple times for the same criminal offense. As discussed above, the Ohio Court of Appeals reasonably found there was evidence to support each count of sexual abuse. Also, the state has not filed a second indictment arguably charging Petitioner with the same offenses. Thus, a violation of the double jeopardy clause is not implicated at this time.

Furthermore, the court has not found, and the parties failed to cite, any clearly established Federal law that holds that the due process clause requires an indictment to state the exact dates of multiple violations of the same criminal statute or that  failure to specify such dates requires a court

-14-

to vacate an otherwise valid conviction because a double jeopardy issue may arise in the future. Consequently, the court finds that the Ohio Court of Appeals's decision was not contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding and denies Petitioner relief on this ground.

## B. Ground Two

Petitioner's second ground for relief argues that "Petitioner's right to due process was violated because his forty-three rape convictions were based on speculation, which does not constitute evidence sufficient to establish guilt beyond a reasonable doubt." (Pet., at 8, ECF No. 1.) As to this ground, the Magistrate Judge concluded that the victim's testimony at trial supported "hundreds of instances of rape;" therefore, the "evidence is . . . sufficient to support 43 convictions for rape." (R&R, at 34, ECF No. 14.) Furthermore, the Magistrate Judge concluded that Petitioner "cites no finding of the Supreme Court that [the victim's] testimony . . . is evidence that is constitutionally insufficient to support a number of convictions far lower than the number of incidents referred to in testimony" and recommends that the second ground of relief be dismissed. (*Id.*)

Petitioner objects to the Magistrate Judge's recommendation arguing that the Magistrate Judge's conclusion is incorrect and "adopts too narrow a view on what constitutes clearly established Supreme Court precedent." (Pet'r's Objections, at 21, ECF No. 16.) Petitioner argues that "'clearly established federal law' is 'the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'" (*Id.* at 22.) He also maintains that "[u]nder the Magistrate Judge's interpretation, [Petitioner] cannot obtain relief in the absence of a

well-established Supreme Court case explicitly announcing that relief is required on the same or similar facts."

After correctly arguing that "[i]t is clearly established that a criminal defendant is denied due process of law when his conviction is not supported by sufficient evidence to prove his guilt of every element of the crime charged beyond a reasonable doubt and his conviction must be reversed,"(*id.* at 23) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979), Petitioner asserts that "[t]he state court of appeals failed to address this claim, and the Ohio Supreme Court denied leave to appeal." He maintains that because the state courts' failure to address the claims, the federal district court "has no state court finding on the subject to which it can defer[; therefore], it must consider the issue *de novo*." (*Id.*) While Petitioner has correctly delineated the law, Petitioner has incorrectly relayed the facts.

The state court did make a finding on Petitioner's argument that his right to due process was violated because his rape convictions were based on evidence that was not sufficient to establish guilt beyond a reasonable doubt. The state court explained:

> Coles also argues that the evidence is insufficient to support his convictions for rape. The statute governing rape, R.C. 2907.02(A)(2), provides that "no person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." We find that viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt.

*State v. Coles*, No. 90330, 2008 WL 4436872, at *8 (Ohio Ct. App. Oct. 2, 2008). Because the state court made a finding on this claim, the court will review the claim under the AEDPA standard. Therefore, the court will decide whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). Petitioner did

-16-

not argue that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d)(2); *see generally* (Pet'r's Objections, ECF No. 16.)

Petitioner argues that *Jackson v. Virginia*, 443 U.S. 307 (1979), provides the clearly established law on point. The court agrees. *Jackson* informs this court that the Ohio Court of Appeals should inquire "whether *it* believes that the [trial] evidence . . . established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 318–19 (citations omitted) (emphasis in original). The Supreme Court determined that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). The court finds that the Ohio Court of Appeals made the correct constitutional inquiry. It applied the *Jackson* standard and concluded that a rational trier of fact could have found that the evidence established beyond a reasonable doubt the essential elements of the crime. *State v. Coles*, 2008 WL 4436872, at *8 This conclusion was reasonable given that there was testimony that Petitioner was having sex with the victim against her will over an almost three-year period, at times weekly or almost every day, which supports more than forty-three counts, and the evidence must be viewed in the light most favorable to the prosecution. Thus, this court finds that the state court's decision was not contrary to or an unreasonable application of clearly established federal law and denies Petitioner relief on this ground.

### C. Grounds Three, Five, and Six

Neither Petitioner nor Respondent objects to the Magistrate Judge's R&R as to grounds three, five or six. After *de novo* review of the R&R and all relevant documents in the record, the court finds that these sections are fully supported by the record and controlling case law.

As to grounds three and six, the court adopts the Magistrate Judge's R&R in full and denies Petitioner relief on these grounds. As to ground five, the court adopts the R&R with an addition to its reasoning. The R&R provides the correct analysis as to why Petitioner's sentence does not violate due process and the prohibition against ex post facto laws. It fails, however, to acknowledge that the Ohio Court of Appeals's analysis of the claim comports with prevailing Supreme Court precedent on the subject and was a reasonable application of that precedent based on the Magistrate Judge's analysis of the controlling law and the state court of appeals's findings.[2] Thus, the Ohio Court of Appeals's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Therefore, the court denies Petitioner's relief as to grounds three, five, and six.

### D. Ground Four

Petitioner's fourth ground for relief asserts that "Petitioner's right to due process and a fair trial were violated where the prosecutor committed misconduct during closing argument by vouching for his witness's credibility and improperly attacking the petitioner's character." (Petition, ECF No. 1, at 10.)

---

[2]     The Ohio Court of Appeals summarily disposed of ground five citing *State v. Mallette*, No. 87894, 2007 WL 530187 (Ohio Ct. App. Feb. 22, 2007). The court reviewed *Mallette* in rendering its decision.

-18-

As to this ground, the Magistrate Judge first examined the prosecutors' comments, all made during closing arguments: (1) "I can't imagine a victim or witness in any case that would be more credible and believable than [S.D.] was in this case;' (2) "[S.D.] did not waiver from what she said before. She told the truth. You could see the demeanor. . . ;" (3) Coles "is an abuser. He does his whoopings. He beats Dawn. Complete careless regard for anybody but himself. He gets gratification off of beating people and off of raping [S.D.]" (R&R, at 37–38, ECF No. 14)(quoting *State v. Coles*, 2008 WL 4436872, at *11 and (Tr. of R. of State v. Coles, No. CR-478823 (2007), at 944, ECF No. 7-26.)) The Magistrate Judge concluded that comments one and three were improper, but comment two was proper. (R&R, at 38.) Because the second comment was proper, it cannot give rise to a violation of Petitioner's right to due process. The Magistrate Judge further concluded that "the prosecutor's two remarks [comments one and three] in closing argument did not so infect Coles'[s] trial with unfairness as to make the resulting conviction a denial of due process or render Coles'[s] trial fundamentally unfair" because the comments, though improper, were isolated; the court gave a curative instruction; and there was sufficient evidence to support the conviction. Accordingly, the Magistrate Judge recommended that the fourth ground for relief be dismissed. (*Id.* at 39–40.)

Petitioner objects to the Magistrate Judge's R&R, arguing that although the Magistrate Judge properly concluded that the prosecutors' comments were improper, a conclusion that their comments were harmless is unreasonable. (Pet'r's Objections, at 24, ECF No. 16.) Petitioner maintains that the prosecutors improperly "expressed their personal opinion that S.D. was telling the truth," which rendered the trial unfair because to convict Petitioner, the jury had to conclude that S.D. was telling the truth as "her testimony provided the sole evidence that. . . the alleged sexual abuse occurred." Petitioner also contends that the State told the jury that it should convict Petitioner because

Petitioner has an abusive personality, and he acted in conformity with that personality by abusing S.D. (*Id.* at 25.) This conduct, Petitioner argues, "directly impacted the jury's credibility assessment of S.D.'s accusations and Mr. Cole's denials, which was not harmless error. Petitioner cites no clearly established federal law to support his contentions. Petitioner's Objections are not well-taken.

The court adopts the R&R's result, modifies and supplements its reasoning, as explained hereafter. The Magistrate Judge cited several Sixth Circuit cases in her analysis of this issue. This court, sitting in habeas review, may not rely on the Sixth Circuit's test for prosecutorial misconduct in its review because, Sixth Circuit case law is not clearly established federal law under § 2254. *Renico v. Lett*, 130 S.Ct. 1855, 1865–66 (2010). However, the Magistrate Judge's analysis primarily relies on the legal principles in *Smith v. Phillips*, 455 U.S. 209 (1982), *Darden v. Wainwright*, 477 U.S. 168 (1986), and *Brecht v. Abrahamson*, 507 U.S. 619 (1993), which are the relevant, clearly established federal laws as determined by the Supreme Court. Consequently, the R&R provides the correct analysis as to why Petitioner's right to due process and a fair trial were not violated where the prosecutor committed misconduct during closing argument by vouching for his witness's credibility and improperly attacking the Petitioner's character. The R&R, however, fails to acknowledge that the Ohio Court of Appeals's analysis of the claim comports with prevailing Supreme Court precedent on the subject and was a reasonable application of that precedent based on the Magistrate Judge's analysis of the controlling law and the Ohio Court of Appeals's findings.

The Ohio Court of Appeals, similar to the Magistrate Judge, determined that part of the prosecutor's comments was arguably proper because the prosecutor was commenting on what the evidence showed, which is permissible, and it also concluded that the prosecutor improperly expressed his personal opinion in these comments. *State v. Coles*, 2008 WL 4436872, at *11. The

Ohio Court of Appeals also explained that "the court cautioned the prosecutor and told the jury to disregard the prosecutor's statements," that closing arguments are not evidence, and that it must decide the case based on the evidence. The Ohio Court of Appeals found that there was "overwhelming evidence of guilt" and presumed the jury followed the court's instructions. *Id.* Therefore, it determined that any error in regard to this issue was harmless and did not prejudice Coles and deny him a fair trial. *Id.* In light of relevant Supreme Court precedent, as indicated in the Magistrate Judge's R&R, the court finds that the Ohio Court of Appeals's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Therefore, the court denies Petitioner's relief as to ground four.

### III. CONCLUSION

The court finds that, after *de novo* review of the applicable law, the R&R, the parties' Objections, and all other relevant documents in the record, the Petitioner's convictions were neither contrary to nor involved an unreasonable application of clearly established Federal law and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, the Magistrate Judge's conclusions as to grounds two through six are fully supported by the record and controlling case law; thus, the court adopts as its own the R&R as to these grounds. (ECF No. 14.) As to ground one, the court rejects the R&R's recommendation that Cole's Petition be granted with respect to ground one and denies ground one as without merit. Accordingly, Coles's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision as to grounds two, three, five and six could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability on these issues. However, reasonable jurists might

disagree as to the propriety of the notice Petitioner received and the effect of the prosecutor's comments on the fairness of Petitioner's trial, in light of the fact that the improper comments concerned the witness that provided the evidence of rape. Consequently, the court grants Petitioner's request that the court issue a certificate of appealability as it relates to grounds one and four and certifies these grounds for appeal.

        IT IS SO ORDERED.

                                            /s/ *SOLOMON OLIVER, JR.*
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

February 7, 2013